**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2011

Lyle W. Cayce
Clerk

No. 11-30002
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

HERMAN TURLICH, JR.,

> Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-212-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Herman Turlich, Jr., appeals from the judgment of the district court revoking his supervised release and sentencing him to 24 months of imprisonment. He argues that the district court erred by revoking his supervised release instead of ordering him into a drug treatment program.

The district court permissibly found that Turlich possessed and used controlled substances. *See United States v. Smith*, 978 F.2d 181, 182 (5th Cir. 1992). Unless the district court found that he was eligible to be ordered into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug treatment under 18 U.S.C. § 3583(d), revocation of supervised release was mandatory. § 3583(g)(1). Turlich committed numerous violations of the terms of his supervised release, twice testing positive for drug use, twice failing to report to his probation officer, and incurring a state court conviction of simple criminal damage to property. He did not merely fail a drug test. The district court did not err by finding that no exception was warranted pursuant to § 3583(d). Because the district court did not apply the exception, the mandatory revocation of supervised release was not an abuse of discretion. *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

AFFIRMED.