# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10476
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESMERALDA ONTIVEROS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-42-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Esmeralda Ontiveros appeals the 18-month sentence imposed following the revocation of her supervised release for her conviction for aiding and abetting the possession with intent to distribute marijuana. She argues that her sentence, which exceeds the range set forth in the nonbinding policy statements set forth in Chapter Seven of the Sentencing Guidelines but is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within the statutory maximum, is procedurally unreasonable because the district court failed to articulate its reasons for imposing sentence.

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). As Ontiveros concedes, however, because she raised no objection in the district court, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). Under the plain error standard, Ontiveros must show a clear or obvious error that affected her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The district court held an evidentiary hearing and heard the details of Ontiveros's driving while intoxicated arrest, considered the nature of her supervised release conditions and violations, listened to counsel's explanation of why Ontiveros was contesting the revocation motion, heard Ontiveros's allocution, and considered her advisory policy statement range. The district court articulated two reasons for choosing a sentence above the advisory range—to provide deterrence and to protect the public. The court's reasons reflect its concern that an individual who drives while drinking 12 beers, while on supervised release from a prior conviction under conditions prohibiting such behavior, needs a sentence sufficient to deter and to protect the public. Because Ontiveros made no argument concerning the appropriate sentence, the court had little left to explain.

The record reflects that the court considered the nature and circumstances of Ontiveros's supervised release violations and implicitly considered her history and characteristics in imposing sentence upon revocation. *See* 18 U.S.C. § 3553(a)(1); *Whitelaw*, 580 F.3d at 262-65

No. 14-10476

(recognizing that implicit consideration of the § 3553 factors is sufficient to satisfy § 3553(c)'s requirement that the district court provide reasons for an above guidelines sentence).   Although the district court's statement in imposing sentence was brief, the district court's explanation, in the context of the revocation hearing, was sufficient, and, thus, Ontiveros has not shown clear or obvious error.

Even if the court had committed a clear or obvious error in failing to adequately explain the chosen sentence, Ontiveros has not shown that her substantial rights were affected or that any error seriously affected the public reputation of the proceedings.  *See Whitelaw*, 580 F.3d at 262-65.  Contrary to Ontiveros's suggestion that the court's error deprives this court of "meaningful appellate review," our review of the record of the sentencing proceedings in this case allows us to conduct a meaningful appellate review.  *See Whitelaw*, 580 F.3d at 264.  Nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence, and there is no suggestion in the record that the district court considered any improper factor or would impose a different sentence on remand.  *See Whitelaw*, 580 F.3d at 264-65.  Ontiveros has not demonstrated plain error with respect to her challenge to the district court's explanation of the sentence imposed upon revocation.  *Id.*

Ontiveros also argues, to preserve the issue for further review, that *Whitelaw* was wrongly decided and that we should adopt the reasoning of other circuits, discussed and rejected in *Whitelaw*, 580 F.3d at 263, which have held that the failure to explain a sentence affects substantial rights within the meaning of the plain error standard of review.  One panel of this court may not overrule the decision of another absent an en banc or superseding Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

No. 14-10476

Ontiveros also argues that the United States District Court for the Northern District of Texas lacked jurisdiction to adjudicate violations of her supervised release committed prior to the Northern District's acceptance of jurisdiction over her supervised release imposed in 2013 in the Western District of Texas. Conceding that her arguments are foreclosed by this court's decision in *United States v. Fernandez*, 379 F.3d 270 (5th Cir. 2004), she contends that *Fernandez* was incorrectly decided, and she raises the issue to preserve it for further review.

As Ontiveros concedes, whatever their merit, her arguments challenging the transfer of jurisdiction from the Western District to the Northern District are foreclosed by *Fernandez*. *See Fernandez*, 379 F.3d at 272-77. Again, we may not overrule the decision of another panel of this court absent an en banc or superseding Supreme Court decision. *See Lipscomb*, 299 F.3d at 313 n.34.

AFFIRMED.