# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRENCE EUGENE PRIESTLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-10-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Terrence Eugene Priestley appeals the 18-month sentence imposed following the revocation of his supervised release. The district court varied upward from the six-to-twelve-month guidelines range, reasoning that the sentence imposed "addresse[d] the issues of adequate deterrence and protection of the public."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10173

Priestley did not timely object to the sentence when it was imposed, so we review his claims under the deferential plain error standard. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). In so doing, we evaluate the adequacy of the district court's explanation of its revocation sentence pursuant to *Rita v. United States*, 551 U.S. 338 (2007). *Whitelaw*, 580 F.3d at 261. The district court noted deterrence and protection of the public, thereby explicitly considering those 18 U.S.C § 3553(a) factors that the court deemed relevant to its determination. *See* § 3553(a)(2)(B)-(C). The sentencing court committed no error, plain or otherwise.

In any event, no error affected Priestley's substantial rights. His assertion to the contrary notwithstanding, the record of the sentencing proceedings in this case does permit a meaningful appellate review. *See Whitelaw,* 580 F.3d at 264. Nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence, or that the district court considered any improper factor, or that it would impose a different sentence on remand. *Id.* at 264-65.

Finally, Priestley's argument that *Whitelaw* was wrongly decided—concededly raised to preserve that contention for further review—is unavailing. We may not overrule *Whitelaw* absent a superseding decision by the Supreme Court or by this court en banc. *See United States v. Lipscomb,* 299 F.3d 303, 313 n.34 (5th Cir. 2002).

AFFIRMED.