# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN LOWELL BENTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-8-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brian Lowell Benton appeals the 24-month sentence of imprisonment and the 24-month term of supervised release imposed following the revocation of his supervised release for his conviction for conspiracy to manufacture, distribute, and possess with the intent to distribute methamphetamine. Benton argues that his sentence, which exceeds the range set forth in the nonbinding policy statements of the Sentencing Guidelines, is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedurally unreasonable because the district court failed to articulate sufficient reasons for the sentence.

Benton concedes that any argument challenging the requirement to preserve an issue by specific objection is foreclosed in light of this court's precedent:  He raises the issue for further review only.  As Benton acknowledges, he did not specifically object to the adequacy of the district court's reasons for the sentence imposed, so our review is for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  Under the plain error standard, Benton must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  We have discretion to correct such an error, but we will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

We evaluate the adequacy of the explanation of a revocation sentence with reference to *Rita v. United States*, 551 U.S. 338 (2007).  *Whitelaw*, 580 F.3d at 261.  The record reflects that the court implicitly considered Benton's mitigating arguments, but determined that a sentence above the advisory range was appropriate in light of his criminal history.  Although the court's explanation was brief, it was sufficient in the context of the revocation hearing, so Benton has not shown a clear or obvious error.  *See Whitelaw*, 580 F.3d at 261.

Neither were Benton's substantial rights affected.  The record of the sentencing proceedings in this case allows us to conduct a meaningful appellate review.  *See id.* at 264.  Nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence.  *Id.* at 264-65.  Finally, Benton's argument, raised only to preserve it for further review, that *Whitelaw* was wrongly decided is unavailing, as we may not overrule *Whitelaw* absent

No. 15-10392

an en banc or superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.