# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ECTOR VALDEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-2-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ector Valdez, Jr., appeals the 17-month sentence of imprisonment and 12-month term of supervised release imposed following the revocation of his supervised release for his conviction for felon in possession of a firearm. Valdez argues that his sentence, which exceeds the range set forth in the nonbinding policy statements of the Sentencing Guidelines, is procedurally unreasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the district court failed to articulate sufficient reasons for the sentence.

Valdez concedes that any argument challenging the requirement to preserve an issue by specific objection is foreclosed in light of this court's precedent.    He raises the issue for further review only.    As Valdez acknowledges, he did not object to the adequacy of the district court's reasons for the sentence imposed, so our review is for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).    Under the plain error standard, Valdez must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  We have discretion to correct such an error, but we will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

We evaluate the adequacy of the explanation of a revocation sentence with reference to *Rita v. United States*, 551 U.S. 338 (2007).  *Whitelaw*, 580 F.3d at 261.  The record reflects that the court implicitly considered Valdez's mitigating arguments, but determined that a sentence above the advisory range was appropriate to protect the public and promote deterrence.  *See* 18 U.S.C. § 3553(a)(2)(B)-(C).  Although the court's explanation was brief, it was sufficient in the context of the revocation hearing, so Valdez has not shown a clear or obvious error.  *See Whitelaw*, 580 F.3d at 262.

Neither were Valdez's substantial rights affected.   The record of the sentencing proceedings in this case allows us to conduct a meaningful appellate review.  *See id.* at 264.  Nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence.  *See id.* at 264-65. Finally, Valdez's argument, raised only to preserve it for further review, that *Whitelaw* was wrongly decided is unavailing, as we may not overrule *Whitelaw*

No. 16-10223

absent an en banc or superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.