# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10966
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIKE ROBERT SALINAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-15-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mike Robert Salinas pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(d). After service of his original sentence, the district court revoked Salinas's supervised release. It sentenced Salinas above the guidelines policy range of eight to 14 months to 18 months of imprisonment and stated, "I believe this addresses the issues of adequate deterrence and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection of the public." Salinas argues that the district court failed to provide a meaningful explanation for imposing a sentence above the advisory range.

As Salinas concedes, our review is for plain error because he failed to object in the district court to the judge's explanation of the above-range sentence. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Under plain-error review, Salinas "must show an error that is clear or obvious and affects his substantial rights." *Id.* The district court commits a clear or obvious error when it fails to state reasons for a sentence outside the guidelines range. *Id.* at 262. However, the district court need not engage in a "checklist recitation of the [18 U.S.C. §] 3553(a) factors." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). This court may infer a district court's reasons from the record. *Whitelaw*, 580 F.3d at 263.

The record reflects that the court explicitly considered deterrence and protection of the public in imposing the above-range sentence upon revocation and implicitly considered Salinas's history and characteristics. § 3553(a)(1), (a)(2)(B)-(C); *Whitelaw*, 580 F.3d at 263-64. Although the district court's statement in imposing sentence was brief, the explanation was sufficient in the context of the revocation hearing. Salinas thus has not shown clear or obvious error, nor has he shown that any potential error affected his substantial rights, as he has not demonstrated that a more thorough explanation would have resulted in a lower sentence. *See Whitelaw*, 580 F.3d at 264-65.

Finally, Salinas suggests that this court should overrule *Whitelaw* and hold that a judge's failure to explain a sentence deprives the defendant of meaningful appellate review. However, this court may not overrule *Whitelaw* without an en banc or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). For these reasons, the judgment of the district court is AFFIRMED.