# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10928

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MIKE ROBERT SALINAS,

> Defendant - Appellant

United States Court of Appeals
Fif h Circuit

**FILED**

April 4, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-11-1

Before SMITH, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Mike Robert Salinas appeals the eighteen-month term of imprisonment imposed against him following the revocation of his supervised release. The revocation sentence exceeds the range set forth in the nonbinding policy statements of the Sentencing Guidelines. Salinas argues that his sentence is procedurally unreasonable because the district court failed to provide sufficient reasons for imposing a sentence above the advisory range. For the reasons explained below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10928

## I. Background

In 2006, Salinas pleaded guilty to possession of marijuana with intent to distribute and was sentenced to thirty-seven months of imprisonment to be followed by a three-year term of supervised release. His supervised release commenced on July 1, 2013. On March 9, 2016, Salinas was arrested after methamphetamine was discovered in his vehicle during a traffic stop. The United States subsequently filed a motion to revoke Salinas's supervised release, alleging that Salinas violated the terms of his supervised release by unlawfully using and possessing methamphetamine and marijuana, failing to comply with required drug testing, and leaving the judicial district where he was being supervised without permission. Salinas admitted to using methamphetamine on a regular basis for nine months prior to his arrest and on one occasion following his arrest.

At the revocation hearing, Salinas admitted that the allegations were true. Salinas's counsel read a letter from Salinas's pastor regarding his church membership and attempts to rehabilitate his marriage, obtain legal employment, and separate himself from the drug culture. Salinas's counsel further described Salinas's employment history, his attempt to remain drug-free prior to his arrest, and his reason for traveling out of the judicial district. Salinas also briefly spoke to the court and apologized for his conduct.

The district court subsequently granted the motion to revoke Salinas's supervised release. It found that Salinas committed a Grade C violation and had a criminal history category of VI, which yielded an advisory range of eight to fourteen months, U.S.S.G. § 7B1.4(a). The district court departed from the advisory range and sentenced Salinas to eighteen months. The only explanation provided for imposing an above-range sentence was the following short statement: "I believe this sentence does address the issues of adequate deterrence and protection of the public." Salinas made no objection to his

2

sentence at the revocation hearing.  Salinas now appeals the sentence as procedurally unreasonable.

## II.  Standard of Review

We generally review revocation sentences under the "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  As Salinas acknowledges, however, he did not object to the adequacy of the district court's reasons for the sentence imposed, so our review is for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).[1]  Under plain error review, Salinas "must show an error that is clear or obvious and affects his substantial rights."  *Id.* at 260.  If Salinas makes such a showing, we have "the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*

## III.  Discussion

Salinas argues that his revocation sentence was procedurally unreasonable because the district court offered no meaningful explanation for imposing a sentence above the advisory range.  Specifically, the district court did not explain how the goals of deterrence and protection of the public apply to Salinas's circumstances.

The sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  When imposing a sentence above the advisory range, the district court commits clear or obvious error when it fails to provide an

---

[1] Salinas concedes that any argument challenging the requirement to preserve an issue by specific objection is foreclosed by our decision in *Whitelaw*, but he nevertheless challenges this requirement to preserve the issue for future review.  It is well settled that we may not overrule a prior panel decision absent an en banc or superseding Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (quoting *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999)).

"explicit statement setting forth 'the specific reason for the imposition of a sentence different from that described' in the guideline range." *Whitelaw*, 580 F.3d at 262 (quoting 18 U.S.C. § 3553(c)(2)).  However, it need not engage in a "checklist recitation of the [sentencing] factors" under 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  We may infer the district court's rationale for the sentence from the record.  *Whitelaw*, 580 F.3d at 263–64.

Under circumstances similar to Salinas's, we have repeatedly affirmed above-range revocation sentences where the district court, without any additional explanation, explicitly identified deterrence and protection of the public as the reasons for imposing the sentence.  *See, e.g.*, *United States v. Valdez*, No. 16-10223, 2016 WL 4487661 (5th Cir. Aug. 25, 2016), *cert. denied*, No. 16-6872, 2017 WL 856214 (U.S. Mar. 6, 2017); *United States v. Taylor*, 630 F. App'x 350 (5th Cir.), *cert. denied*, 136 S. Ct. 2456 (2016); *United States v. Priestley*, 618 F. App'x 222 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 922 (2016).[2] Indeed, in another revocation case against Salinas stemming from a different predicate conviction, we recently upheld an above-range sentence involving the exact same conduct and statement at issue in this case.  *See United States v. Salinas*, No. 16-10966, 2017 WL 444798 (5th Cir. Feb. 1, 2017).

As in Salinas's other case, here, the record reflects that the court explicitly considered deterrence and protection of the public in imposing the above-range sentence and implicitly considered Salinas's history and characteristics.  *See* 18 U.S.C. § 3553(a).  The factual basis supporting the district court's stated reasons is implicit in Salinas's admission that the

---

[2] Although *Valdez*, *Taylor*, and *Priestley* are not "controlling precedent," they are cited as illustrative of how we have handled similar situations involved appeals from judgments signed by the same district judge.  *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

revocation charges were true, namely, the district court's concern that a person who uses methamphetamine and marijuana, avoids required drug tests, and travels outside the judicial district in violation of his conditions of supervised release needs an above-range sentence to deter him and protect the public. *See Whitelaw*, 580 F.3d at 264 ("The factual basis supporting [the district court's reasons] is implicit in [its] findings that most of the revocation charges were true."); *see also United States v. Ontiveros*, 584 F. App'x 236, 237 (5th Cir. 2014) ("The court's reasons reflect its concern that an individual who drives while drinking 12 beers, while on supervised release from a prior conviction under conditions prohibiting such behavior, needs a sentence sufficient to deter and to protect the public."). While the better practice would be to give a more robust explanation, in this context, the district court's brief statement was not plain error.

Accordingly, Salinas has not shown clear or obvious error. He also has not shown that any potential error affected his substantial rights or seriously affected the fairness, integrity, or public reputation of the court proceeding. The record of the sentencing proceeding allows us to conduct a meaningful appellate review, and there is no suggestion in the record that a more thorough explanation would have resulted in a lower sentence. *See Whitelaw*, 580 F.3d at 262–64.[3] Moreover, nothing in the record suggests that the district court considered an improper factor or would impose a lighter sentence on remand. *See id.* at 264–65.[4]

AFFIRMED.

---

[3] Salinas suggests that we overrule *Whitelaw* and hold that a judge's failure to explain a sentence necessarily deprives the defendant of meaningful appellate review. However, as previously noted, we may not overrule *Whitelaw* without an en banc or a superseding Supreme Court decision. *See Lipscomb*, 299 F.3d at 313 n.34.

[4] For these same reasons, we would not exercise our discretion to correct any such error.