# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-10698

————

UNITED STATES OF AMERICA,

        Plaintiff–Appellee,

v.

JOHN HOKE BROOKER,

        Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2017

Lyle W. Cayce
Clerk

————

Appeal from the United States District Court
for the Northern District of Texas

————

Before STEWART, Chief Judge, and WIENER and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Defendant–Appellant John Hoke Brooker pleaded true to violating numerous conditions of his supervised release. The district judge accordingly revoked Brooker's term of supervised release and sentenced him to an additional twenty-four months' imprisonment. Brooker appeals this revocation. We AFFIRM.

## I. BACKGROUND

In 2011, Brooker pleaded guilty to one count of possession of a counterfeit obligation under 18 U.S.C. § 472 and was thereafter sentenced to 70 months' imprisonment and a three-year term of supervised release. Brooker's term of supervised release began on June 26, 2015.

No. 16-10698

On May 10, 2016, the government moved to revoke Brooker's term of supervised release. The government alleged Brooker had violated the conditions of his supervised release by: (1) using and possessing methamphetamine multiple times; (2) failing numerous drug tests; (3) refusing to participate in substance abuse treatment counseling; and (4) failing to make consistent payments toward a fine imposed on him as part of his sentence. At a revocation hearing on May 12, 2016, Brooker pleaded true to these violations and the district court revoked Brooker's term of supervised release. The district court then heard testimony, argument, and allocution from the defense. Thereafter, the district court detailed Brooker's criminal history and sentenced him to 24 months' imprisonment and no supervised release, noting that the previous supervision had not "done a bit of good." Brooker objected to the length of the sentence and the court's alleged failure to consider a drug treatment program in lieu of imprisonment. This appeal followed. On appeal, Brooker also argues the district court erred by failing to give him a meaningful opportunity for allocution because he was not permitted to address the court before the judge voiced his intent to revoke Brooker's supervised release.

## II. DISCUSSION

The decision to revoke supervised release is generally reviewed for an abuse of discretion. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). We then "review a sentence imposed on revocation of supervised release under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). First, we "ensure that the district court committed no significant procedural error." *Id.* (quoting *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012)). Second, "[i]f the district court's sentencing decision lacks procedural error, this court . . . considers the substantive reasonableness of the sentence imposed." *Id.* (quoting *Kippers*, 685 F.3d at 497). "If we find the sentence unreasonable, we may reverse the district

2

court only if we further determine 'the error was obvious under existing law.'" *Id.* (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Where a defendant fails to object before the district court, "errors resulting from a denial of the right of allocution under Rule 32 are subject to plain error review."[1] *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (en banc).

Revocation of supervised release is mandatory under certain circumstances. 18 U.S.C. § 3583(g). Among other things, revocation is required where a defendant "possesses a controlled substance," "refuses to comply with drug testing imposed as a condition of supervised release," or "as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year." 18 U.S.C. § 3583(g). That said, 18 U.S.C. § 3583(d) provides that where a defendant fails a drug test, "[t]he court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception . . . from the rule of section 3583(g)."

Both of Brooker's arguments on appeal rely on an underlying proposition that he fits within § 3583(d)'s treatment exception. Because Brooker's term of supervised release was revoked both due to drug possession and his refusal to comply with drug testing—not just because he failed a drug test—it is unclear whether Brooker qualifies for the treatment exception under our existing case law. While this Court has not annunciated a rule in a published opinion, we have several times declined to apply the treatment exception where the established violations of a defendant's conditions of supervised release included more than failing a drug test. *See United States v. Turlich*, 440 F. App'x 282, 282–83 (5th Cir. 2011) (per curiam); *United States v. Kindley*, 271

---

[1] Because it does not change the outcome of this case, we do not address Brooker's argument that de novo review may be appropriate as to his allocution argument.

F. App'x 429 (5th Cir. 2008) (per curiam); *United States v. Harper*, 34 F. App'x 150 (5th Cir. 2002) (per curiam).

Despite these unpublished cases, we remain concerned that it may be unwise to unnecessarily limit the situations in which a district judge is required to consider substance abuse treatment in lieu of imprisonment. Most circuits have determined that a judge may infer drug possession from a defendant's positive drug test. *See United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001); *United States v. Crace*, 207 F.3d 833, 836–37 (6th Cir. 2000); *United States v. Clark*, 30 F.3d 23, 25 (4th Cir. 1994); *United States v. Dow*, 990 F.2d 22, 24 (1st Cir. 1993); *United States v. Rockwell*, 984 F.2d 1112, 1114– 15 (10th Cir. 1993), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000); *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993); *United States v. Courtney*, 979 F.2d 45, 49 (5th Cir. 1992); *United States v. Blackston*, 940 F.2d 877, 878 (3d Cir. 1991); *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991). Indeed, this inference is logical: a positive drug test necessarily requires possession. *Crace*, 207 F.3d at 836.

But if such an inference is permitted and we continue to strictly apply the rule we have implemented in our unpublished case law, we are essentially authorizing a district court to ignore the possibility of substance abuse treatment in the very situation where § 3583 requires it—when a defendant tests positive for a controlled substance. Under such an approach, district courts would be permitted to infer that a defendant with a single positive drug test (the condition triggering the treatment exception) possessed the drug in question (a condition necessitating mandatory revocation under § 3583(g)(1)) and would thereby almost never be required to consider substance abuse treatment in lieu of imprisonment. However, we need not reach this issue because clarifying when a district court is required to consider the treatment exception under § 3583(d) would not change the outcome of our decision.

No. 16-10698

Even if the district court was required to consider the treatment exception under § 3583(d), the record does not indicate that it failed to do so. As we have previously said, a district court is not required to engage in "checklist recitation" of sentencing factors at a revocation hearing. *Kippers*, 685 F.3d at 498 (quoting *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006)). Implicit consideration is all that is required. *Id.* And other circuits have persuasively expanded this concept to the situation where a district court is required to consider substance abuse treatment in lieu of imprisonment. *United States v. Hammonds*, 370 F.3d 1032, 1038–39 (10th Cir. 2004) (finding the district court did not abuse its discretion by revoking the defendant's supervised release rather than placing him in substance abuse treatment because there was "no indication the court did not recognize that it could grant the exception"); *Crace*, 207 F.3d at 835–36 (holding that no "magic words" are required to demonstrate that a district court considered substance abuse treatment). Where, for instance, the defendant argues to the district court that a substance abuse treatment program should be imposed and the court still revokes supervised release, it is understood that the court implicitly considered and rejected application of the drug treatment exception. *See Hammonds*, 370 F.3d at 1039 (determining that the district court implicitly considered substance abuse treatment in lieu of imprisonment where the parties disputed the issue at a revocation hearing); *cf. United States v. Pierce*, 132 F.3d 1207, 1208–09 (8th Cir. 1997) (remanding the issue of revocation to the district court where the court explained that revocation was "mandated" and did not assign the defendant to drug treatment).

We agree with this reasoning. Here, Brooker requested on numerous occasions that the court place him in a drug treatment program. The court, however, detailed Brooker's criminal and drug history and ultimately sentenced Brooker to twenty-four months' imprisonment. Nothing in the

record indicates that the court did not believe it had the *ability* to consider drug treatment. In fact, the court's observations that supervised release had thus far not "done a bit of good" for Brooker and that it was accordingly "not going to waste the government's money by providing him further supervision" affirmatively suggest that the court did consider, but rejected, a nonimprisonment option. Such a conclusion is logical where, as here, the defendant has already refused to participate in substance abuse counselling. Because it appears the district court implicitly considered substance abuse treatment in lieu of imprisonment, we hold the district court did not err in ordering revocation and sentencing Brooker to twenty-four months' imprisonment.

Finally, Brooker argues that he was denied a meaningful opportunity for allocution. Specifically, he argues that he should have been given an opportunity to address the district court before his term of supervised release was revoked, not simply before a sentence was imposed. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) requires that a defendant be given the opportunity to speak before a *sentence* is imposed. *See* Fed. R. Crim. P. 32.1 (advisory committee's note to 2005 amendments) (describing allocution rights as being available to a defendant "upon revocation of supervised release"); *United States v. Turner*, 741 F.2d 696, 699 (5th Cir. 1984) (remanding for resentencing due to the district court's failure "to accord the defendant his right of allocution upon the deferred sentencing *following* the revocation" (emphasis added)). Here, Brooker was given ample opportunity to address the court after revocation but before being sentenced to twenty-four months' imprisonment. As Brooker has not presented this Court with any case law mandating an opportunity for allocution prior to revocation, we find the district court did not commit error. *See United States v. Evans*, 587 F.3d 667, 671 (5th

No. 16-10698

Cir. 2009) (holding that there was no plain error where the appellant failed to present any Fifth Circuit precedent in support of his argument).

## III. CONCLUSION

For the reasons stated above, we AFFIRM.