# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ROCKY WALLACE,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-36-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rocky Wallace appeals the district court's judgment revoking his term of supervised release and sentencing him to 18 months of imprisonment and 18 months of supervised release.  He argues that the treatment exception set forth in 18 U.S.C. § 3583(d) applies in any case where a supervisee fails a drug test, regardless of any other violations committed, and that the district court failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11784

to consider the treatment exception as required by § 3583(d).  He also argues that the sentence imposed is substantively unreasonable.

This court generally reviews the district court's decision to revoke a term of supervised release for an abuse of discretion.  *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).  This court reviews a revocation sentence under the plainly unreasonable standard in two steps, examining first for procedural error and then for obvious substantive unreasonableness.  *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).  However, issues of statutory interpretation are reviewed de novo.  *See United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010).

We need not clarify whether the district court is required to consider § 3583(d) in cases, like this one, where the revocation of supervised release is based on more than failed drug tests.  *See United States v. Brooker*, 858 F.3d 983, 986 (5th Cir. 2017).  Although the district court did not explicitly address the drug treatment exception argument or its reasons for rejecting same prior to revocation, the district court did implicitly consider and explicitly reject that argument.  *See id.* at 986-87.  As such, the record does not indicate that the district court failed to consider the drug treatment exception of § 3583(d).  *See id.*

Wallace has failed to show that the district court committed any clear error in imposing his sentence or that the sentence is unreasonable.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009); s*ee, e.g., United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012).

Accordingly, the district court's judgment is AFFIRMED.