# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50903
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
September 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

v.

GEORGE LORENZO, JR.,

                    Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-25-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

George Lorenzo, Jr., challenges the 24-month, above-Sentencing Guidelines sentence imposed upon revocation of his supervised release, stemming from his child-pornography conviction, pursuant to 18 U.S.C. § 2252A. The sentence was imposed after six violations of his supervised release, including, *inter alia*: soliciting a prostitute and possessing child pornography. Lorenzo asserts the court committed reversible error in not

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

adequately explaining its reasons for the 14-month upward variance from the Guidelines range of 4–10 months.  U.S.S.G. § 7B1.4(a).

As Lorenzo concedes, because he did not raise this issue in district court, review is only for plain error.  *E.g., United States v. Broussard,* 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Lorenzo must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *E.g., Puckett v. United States,* 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

"Under plain error review, a district court commits clear and obvious error when it fails to state reasons for a sentence outside the guidelines range." *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012).  To be sufficient, the explanation must "satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority".  *Rita v. United States*, 551 U.S. 338, 356 (2007).  Our court has affirmed sentences where the court's reasoning was implied through consideration of arguments from counsel, *e.g.*, *United States v. Benton*, 630 F. App'x 321, 321 (5th Cir. 2015) (unpublished), *cert. denied*, 136 S. Ct. 1694 (2016), and when, "without any additional explanation, [the court] explicitly identified deterrence and protection of the public as the reasons for imposing the sentence".  *United States v. Salinas*, 684 F. App'x 408, 410 (5th Cir. 2017) (unpublished).

There was clear or obvious error.  *Kippers*, 685 F.3d at 498.  The court provided no reasons, explicit or implicit, for imposing a revocation sentence 14 months above the Guidelines range.

No. 16-50903

Nonetheless, assuming *arguendo* Lorenzo can show the court's error affects his substantial rights, the error does not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135. Although Lorenzo's revocation sentence is above the Guidelines range, it is within the statutory maximum. 18 U.S.C. § 2252A(b)(2) (providing a 10 or 20 year statutory maximum). Moreover, given the nature of his supervised-release violations, especially his possessing child pornography (he was originally sentenced for such an offense), "there is sufficient evidence in the record showing that the incorrect sentence was nevertheless fair". *United States v. Brown*, 826 F.3d 835, 841 (5th Cir. 2016). Accordingly, Lorenzo cannot show the error is sufficiently "rare" and "egregious" or conscious-shocking to warrant plain-error correction. *United States v. Scott*, 821 F.3d 562, 571 (5th Cir. 2016).

AFFIRMED.