# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2018

Lyle W. Cayce
Clerk

No. 18-10155
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMESON WAYNE BEARDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CR-31-3

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jameson Wayne Bearden appeals the 18-month sentence imposed on revocation of his supervised release. He argues that the district court failed to adequately explain the revocation sentence and consider the 18 U.S.C. § 3553(a) factors and imposed a substantively unreasonable revocation sentence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10155

We review Bearden's unpreserved claims of procedural and substantive error for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Bearden faults the district court for failing to explicitly consider all the applicable § 3553(a) factors. However, implicit consideration of the § 3553(a) factors is sufficient. *See United States v. Brooker*, 858 F.3d 983, 987 (5th Cir.), *cert. denied*, 138 S. Ct. 346 (2017). The district court heard Bearden's arguments in mitigation of sentence, was aware of the guidelines range, and cited two aggravating factors. This record indicates that the district court implicitly considered the § 3553(a) factors. Therefore, Bearden has not shown any error in this respect. Moreover, given that implicit consideration of the § 3553(a) factors is sufficient, *see id.*, any error in this respect is subject to reasonable dispute and is therefore not clear or obvious, *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

When the district court imposed a sentence above the guidelines range and cited the § 3553(a) factors of deterrence and protection of the public, the district court implicitly reasoned that Bearden, a person who admittedly used drugs within two months of his release from imprisonment and had a history of doing so, needed an above-guidelines sentence to deter him and to protect the public. This explanation was adequate. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007). Moreover, there is no clear or obvious error in this respect. *See Puckett*, 556 U.S. at 135.

Contrary to Bearden's argument, the cost of his incarceration and overcrowding in federal facilities do not render his sentence substantively unreasonable. Also unavailing are his arguments that the district court gave too much weight to the § 3553(a) factors of deterrence and protection of the public, gave no weight to the guidelines range or the other § 3553(a) factors, and failed to justify the sentence. The 18-month revocation sentence is above

No. 18-10155

the maximum guidelines sentence of 12 months but below the statutory maximum sentence of 24 months.  We have routinely upheld the substantive reasonableness of similar sentences.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  This case does not warrant a different result, especially given the deference owed to the district court's consideration of the § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The judgment of the district court is AFFIRMED.