# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY PERALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-99-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Bobby Perales appeals the district court's judgment revoking his term of supervised release and sentencing him to 12 months of imprisonment and 84 months of continued supervised release. The revocation followed Perales's plea of true to charges that he possessed a controlled substance and failed four drug tests in two months.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10241

Perales argues that the district court should have considered imposing substance abuse treatment in lieu of imprisonment and should not have treated revocation as mandatory.  He concedes that he did not preserve the issue and the court's review is limited to plain error.  Thus, he must show a clear or obvious error that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  This court will only correct a plain error that "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation, alteration, and citation omitted).

The Government has moved for summary affirmance or, alternatively, for additional time to submit a brief.  Perales believes his argument is foreclosed under plain error review because his right to treatment is not clearly established.  Therefore, he does not oppose the Government's motion.

Supervised release must be revoked if a defendant possesses a controlled substance or fails more than three drug tests in a year.  *See* 18 U.S.C. § 3583(g).  However, if a defendant fails a drug test, "[t]he court shall consider" whether the availability of, or a defendant's participation in, substance abuse treatment "warrants an exception" to revocation.  § 3583(d).  If, like Perales, a defendant admits to possessing a controlled substance and failing drug tests, it is "unclear whether [he] qualifies for the treatment exception under our existing case law."  *United States v. Brooker*, 858 F.3d 983, 986 (5th Cir.), *cert denied*, 138 S. Ct. 346 (2017).  Because the issue is not foreclosed by circuit precedent, summary affirmance is improper.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

However, additional briefing is not required.  We agree that Perales's argument does not survive the standard of review.  A lack of binding precedent "is often dispositive in the plain-error context."  *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).  Moreover, the record shows that Perales was

already in treatment when he possessed and used a controlled substance. His evident lack of progress renders "it unlikely that the district court would have opted to sentence [him] to further treatment in lieu of mandatory revocation and imprisonment." *United States v. Williams*, 847 F.3d 251, 254-55 (5th Cir.), *cert denied*, 138 S. Ct. 192 (2017); *see also Brooker*, 858 F.3d at 987. Perales fails to show the district court plainly erred.

Accordingly, the Government's motion for summary affirmance is DENIED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.