# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRIS LONGORIA HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-135-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Chris Longoria Herrera appeals the 18-month, above-guidelines range sentence imposed upon the revocation of his supervised release from his conviction for conspiracy to distribute, possess with intent to distribute, and dispense cocaine. The revocation followed Herrera's plea of true to charges that he failed five drug tests in five months and possessed cocaine. Herrera contends that the district court erred by treating revocation as mandatory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

despite the statutory command to consider alternatives to revocation in cases where a supervised release violation involves failing a drug test. He further asserts that his 18-month sentence is substantively unreasonable. Because Herrera did not raise these issues in the district court, we review both issues for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Generally speaking, revocation of supervised release is mandatory if the defendant, "as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year[.]" 18 U.S.C. § 3583(g)(4). However, a district court should "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d).

Herrera's supervised release was revoked based not only on his failed drug tests but also on his admission that he possessed cocaine on at least three occasions. We have recently held that when a defendant's violative conduct "include[s] more than failing a drug test," it is "unclear whether [he] qualifies for the [§ 3583(d)] treatment exception under our existing case law." *United States v. Brooker*, 858 F.3d 983, 986 (5th Cir. 2017). Herrera presents no binding precedent stating otherwise, which "is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Thus, whether error occurred in this case is, at best, "subject to reasonable dispute." *United States v. Broussard*, 669 F.3d 537, 550 (5th Cir. 2012). Accordingly, Herrera fails to show that the district court clearly or obviously erred by treating revocation as mandatory. *See Puckett*, 566 U.S. at 135.

No. 17-11418

To prevail on his substantive reasonableness claim, Herrera must show that his 18-month revocation sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). And under plain error review, he must show that any such error was clear or obvious. *See Puckett*, 566 U.S. at 135; *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

Substantive reasonableness review is based on the sentencing factors in 18 U.S.C. § 3553(a). *See Peltier*, 505 F.3d at 392. However, the "factor" that Herrera contends the district court failed to account for—the requirement to consider alternatives to revocation—is found in § 3583(d). He cites no § 3553(a) factor for which the district court failed to account, to which it gave undue weight, or that it erred in balancing. *See Smith*, 440 F.3d at 708. Accordingly, Herrera fails to show that his sentence was substantively unreasonable, let alone plainly so. *See Puckett*, 566 U.S. at 135; *Peltier*, 505 F.3d at 391.

The judgment is AFFIRMED.