# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS LOPEZ, also known as Carlos G. Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-25-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Carlos Lopez appeals the 18-month, above-guidelines sentence imposed upon the revocation of his supervised release from his conviction for conspiracy to distribute and to possess with intent to distribute methamphetamine. The revocation was based on Lopez's plea of true to allegations that he had violated three conditions of his supervised release by using and possessing cocaine, an illegal controlled substance. Lopez contends that the district court erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treating revocation as mandatory despite the command in 18 U.S.C. § 3583(d) to consider the alternative of substance abuse treatment in cases where a supervised release violation involves failing a drug test.  He also asserts that his 18-month sentence is substantively unreasonable.  Because Lopez did not raise these issues in the district court, we review both issues for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Pursuant to § 3583(g), a district court is required to revoke the defendant's term of supervised release and impose a term of imprisonment if the defendant violated his conditions of supervised release by (1) possessing a controlled substance, (2) possessing a firearm, (3) refusing to comply with drug testing, or (4) testing positive for illegal controlled substances more than three times over the course of one year.  § 3583(g).  However, § 3583(d) provides that a district court shall consider whether appropriate substance abuse treatment programs warrant an exception from the rule of mandatory revocation under § 3583(g) for a defendant who fails a drug test.  § 3583(d); *see also* U.S.S.G. § 7B1.4, cmt. (n.6) (p.s.) (same).

Lopez's supervised release was revoked based not on a failed drug test but on his admission that he used and possessed cocaine.  We have recently held that when a defendant's conduct "include[s] more than failing a drug test," it is "unclear whether [he] qualifies for the [§ 3583(d)] treatment exception under our existing case law." *United States v. Brooker*, 858 F.3d 983, 986 (5th Cir.), *cert. denied,* 138 S. Ct. 346 (2017).  Lopez presents no binding precedent stating otherwise, which "is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).  Thus, whether error occurred in this case is, at best, "subject to reasonable dispute" which by definition "is not plain error." *United States v. Broussard*, 669 F.3d 537, 550

(5th Cir. 2012). Accordingly, Lopez fails to show that the district court clearly or obviously erred by treating revocation as mandatory and failing to consider the alternative of treatment. *See Puckett*, 556 U.S. at 135.

A revocation sentence is substantively unreasonable where the district court did not take into account a factor that was entitled to significant weight, gave significant weight to factors that were irrelevant or improper, or made a clear error in judgment when balancing sentencing factors under 18 U.S.C. § 3553(a). *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Lopez contends that his sentence is substantively unreasonable because the district court failed to consider the "mandatory factor" of substance abuse treatment as an alternative to revocation. However, the argument that this "factor" is "mandatory" in Lopez's case has already been discussed and rejected as rising to the level of plain error. *See Brooker*, 858 F.3d at 986.

Lopez cites no § 3553(a) factor for which the district court failed to account, or to which it gave undue weight or erred in balancing. He merely disagrees with the district court's balancing of the factors in general. When a substantive unreasonableness challenge essentially amounts to a disagreement with the district court's balancing of the § 3553(a) sentencing factors, we will not reweigh them. *See Warren*, 720 F.3d at 332-33 & n.2. Lopez has failed to show that his revocation sentence is plainly erroneous. *See Whitelaw*, 580 F.3d at 261-65; *Warren*, 720 F.3d at 332-33.

The judgment is AFFIRMED.