# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN STERN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-8-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

John Stern violated the terms of his supervised release by repeatedly testing positive for drugs. The district court revoked his supervised release and imposed a 12-month revocation sentence. Stern argues that sentence is procedurally and substantively unreasonable.

Because Stern did not raise these arguments in the district court, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259–60

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10241

(5th Cir. 2009); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir. 2007). Stern urges us to apply the "plainly unreasonable" standard to review his sentence. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). And the Supreme Court has granted certiorari to determine whether plain-error review applies to substantive-unreasonableness claims. *See Holguin-Hernandez v. United States*, 139 S. Ct. 2666 (2019) (mem.). For the reasons below, we would affirm under any standard.

First, Stern challenges the procedural reasonableness of his sentence because the district court did not explicitly consider all the applicable factors under 18 U.S.C. § 3553(a) factors and the exception to revocation under § 3582(d). However, implicit consideration of the § 3553(a) factors is sufficient. *See United States v. Brooker*, 858 F.3d 983, 987 (5th Cir. 2017). The district court heard Stern's mitigation arguments, was aware of the guidelines range, and cited two sentencing factors. This record indicates that the district court implicitly considered the § 3553(a) factors, and because Stern challenges his sentence and not his revocation, he has not shown that the district court erred by failing to explicitly consider the § 3583(d) exception. *See United States v. Peltier,* 505 F.3d 389, 390, 392 (5th Cir. 2007); *Brooker,* 858 F.3d at 985–87.

Stern also argues that the sentence was procedurally unreasonable because the district court did not sufficiently explain the reasoning behind its above-guidelines sentence. But the court identified deterrence and the protection of the public as the reasons for its sentence. And we have "repeatedly affirmed above-range revocation sentences where the district court, without any additional explanation, explicitly identified deterrence and protection of the public as the reasons for imposing the sentence." *United*

No. 19-10241

*States v. Salinas*, 684 F. App'x 408, 410 (5th Cir. 2017) (per curiam). We do so again today.

Stern also argues that his sentence was substantively unreasonable. But contrary to Stern's argument, overcrowding in federal facilities does not render his sentence substantively unreasonable. *See* § 3553(a); *United States v. Bearden*, 738 F. App'x 828, 829 (5th Cir. 2018) (noting that "overcrowding in federal facilities do[es] not render [a] sentence substantively unreasonable"). Also unavailing are his arguments that the district court gave too much weight to the § 3553(a) factors of deterrence and protection of the public, gave no weight to the guidelines range or the other § 3553(a) factors, and failed to justify the sentence. The 12-month revocation sentence is above the maximum advisory guidelines sentence of 9 months, but it is well below the statutory maximum sentence of 24 months. And we have routinely upheld the substantive reasonableness of similar sentences. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). This case does not warrant a different result, especially given the deference owed to the district court's consideration of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51–52 (2007).

The judgment of the district court is AFFIRMED.