# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2020

Lyle W. Cayce
Clerk

No. 19-11137
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DESHAWN HOMER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-141-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Michael Deshawn Homer appeals the revocation of his supervised release and 18-month sentence of imprisonment imposed pursuant to 18 U.S.C. § 3583(g), which requires the mandatory revocation of supervised release and imposition of a term of imprisonment for defendants found to have committed certain offenses, including possession of a controlled substance. For the following reasons, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11137

First, Homer argues that § 3583(g) is unconstitutional in light of the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it does not require a jury determination of guilt beyond a reasonable doubt. As he concedes, review of this unpreserved issue is for plain error, which requires him to show (1) an error that has not been affirmatively waived, (2) that is clear or obvious, and (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he can satisfy those three prongs, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The Supreme Court's decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically disclaimed expressing any view of the constitutionality of § 3583(g). *See Haymond*, 139 S. Ct. at 2382 n.7. In the absence of precedent from either the Supreme Court or this court extending *Haymond* to § 3583(g), we conclude that there is no clear or obvious error. *See Puckett*, 556 U.S. at 135; *United States v. Badgett*, 957 F.3d 536, 539-41 (5th Cir. 2020).

Second, to the extent that Homer asserts error related to the § 3583(d) drug treatment exception to mandatory revocation under § 3583(g), it is not clear that § 3583(d) was applicable in this case. *See United States v. Brooker*, 858 F.3d 983, 986 (5th Cir. 2017). Accordingly, he fails to demonstrate any clear or obvious error with respect to the district court's consideration of § 3583(d). *See Puckett*, 556 U.S. at 135.

Third, in light of our deferential abuse-of-discretion standard of review, we are unpersuaded that the 18-month sentence, which was seven months above the top of the advisory policy statement range, was substantively unreasonable. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

AFFIRMED.